**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GRZEGORZ KOCIUBA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KARI-OUT, LLC, HOWARD EPSTEIN, ADAM EPSTEIN, PAUL EPSTEIN, DAVID EPSTEIN, WOODY ASUNCION, and AMY YU,<br><br>　　　　　Defendants. | Civil Action No. 23-01832 (JKS)(JBC)<br><br>**OPINION**<br><br>February 2, 2024 |

**SEMPER**, District Judge.

Currently pending before the Court is Defendants Howard Epstein, Adam Epstein, Paul Epstein, David Epstein, Woody Asuncion, and Amy Yu (collectively, "Individual Defendants") and Defendant Kari-Out, LLC's ("Kari-Out," and collectively with the Individual Defendants, "Defendants"), motion to dismiss Plaintiff's Complaint (ECF 1) pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). (ECF 15-1.) Plaintiff filed a brief in opposition. (ECF 22.) Defendants replied. (ECF 24.)[1] The Court reviewed the Plaintiff's Complaint and the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Defendants' brief in support of its motion (ECF 15-1) will be referred to as "Def. Br."; Plaintiff's brief in opposition (ECF 22) will be referred to as "Pl. Opp."; and Defendant's reply brief (ECF 24) will be referred to as "Reply".

I.        **FACTUAL AND PROCEDURAL BACKGROUND**[2]

When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). As such, the following facts are taken from Plaintiff's Complaint.

For approximately 27 years, Plaintiff worked as a mechanic for Defendant Kari-Out in its Totawa plant. (ECF 1, Compl. ¶¶ 4, 18, 21.) Kari-Out is a foodservice industry company. (*Id.* ¶ 18.) Some of Plaintiff's job functions included performing service work on equipment (*id.* ¶ 29), cleaning the equipment after the production line was shut down (*id.* ¶ 25), and teaching other employees (*id.* ¶¶ 28-30). As a Kari-Out employee, Plaintiff received several raises. (*Id.* ¶ 22.) However, Plaintiff alleges that he did not receive overtime pay despite "routinely work[ing] more than 80 plus hours per week." (*Id.* ¶¶ 37-40.)

Plaintiff's salary was due and payable monthly on the first day of the month. (*Id.* ¶ 4.) At some point, Defendants stopped paying Plaintiff at an hourly rate and instead began to pay him an annual salary. (*Id.* ¶ 38.) As an annually salaried employee, Plaintiff was paid for 40 hours of work a week regardless of how many hours he worked. (*Id.*) Around October 2022, Defendant Kari-Out terminated Plaintiff's employment. (*Id.* ¶ 19.)

---

[2] While the Complaint seemingly alleges facts related to claims for apparent hostile work environment, discrimination, withholding of employee benefits, failure to display required jobsite notices, and failure to provide wage notices, Plaintiff fails to assert any cause of action connected to these facts. This Court will not address these allegations because Plaintiff's Complaint does not assert causes of action related to these allegations. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 499 n.1 (3d Cir. 1997) ("Although a complaint's allegations are to be construed favorably to the pleader, we will not read causes of action into a complaint when they are not present.").

A.       **Facts Relating to the Individual Defendants**

Plaintiff alleges that Defendant Howard Epstein is a Kari-Out employee who "served at all relevant times as the former and/or current managing member and owner of KARI-OUT, LLC and was ultimately charged with payment of wages to Plaintiff[.]" (*Id.* ¶ 6.) Plaintiff alleges that Defendant Adam Epstein is a Kari-Out employee who "served at all relevant times as the current managing member and/or member or owner of KARI-OUT, LLC and was ultimately charged with payment of wages to Plaintiff[.]" (*Id.* ¶ 7.) Plaintiff alleges Defendant Paul Epstein is a Kari-Out employee who "served at all relevant times as the former and/or current managing member and owner of KARI-OUT LLC and was ultimately charged with payment of wages to Plaintiff[.]" (*Id.* ¶ 8.) Plaintiff alleges David Epstein is a Kari-Out employee who "served at all relevant times as the former and/or current managing member and owner of KARI-OUT, LLC and was ultimately charged with payment of wages to Plaintiff[.]" (*Id.* ¶ 9.) Plaintiff alleges Woody Asuncion is a Kari-Out employee who "served at all relevant times as the Plant Manager of KARI-OUT, LLC and was ultimately charged with payment of wages to Plaintiff[.]" (*Id.* ¶ 10.)

Plaintiff asserts that Kari-Out and the Individual Defendants jointly operated the same business. (*Id.* ¶ 65.) He asserts the Individual Defendants conducted business as Kari-Out, and they acted for and on behalf of Kari-Out, with the power and authority vested in them as officers, members, and agents. (*Id.* ¶¶ 66-67.) He further states that "the Individual Defendants directly managed, handled, or were otherwise ultimately responsible for the payroll and/or payroll calculations and signing or issuing payment to Plaintiff or directing payroll through other agents of Defendants." (*Id.* ¶ 68.) The Individual Defendants had control over employment conditions, including scheduling, rates and methods of payment, maintenance of employment records, and

employee termination. (*Id.* ¶ 69.) "As a matter of economic reality, all Defendants [were] joint employers of Plaintiff[.]" (*Id.* ¶ 71.)

Plaintiff further claims, upon information and belief, that the Individual Defendants failed to comply with required corporate formalities, including recordkeeping and corporate governance (*id.* ¶ 71), used Kari-Out's assets as their own (*id.* ¶ 73), and used Kari-Out to violate the law (*id.* ¶ 74). He asserts that Kari-Out is the Individual Defendants' alter-ego and has no separate legal existence from the Individual Defendants. (*Id.* ¶ 77.)

Plaintiff filed his Complaint on March 31, 2023. (*See generally* Compl.) The Complaint asserts claims for common-law breach of contract (Count One); unpaid overtime compensation under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a *et seq.* (Count Two); unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count Three); common-law quantum meruit (Count Four); and declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (Count Five). (*Id.*) On July 20, 2023, Defendants moved to dismiss. (*See generally* Def. Br.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted."  For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly*

*v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).   Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action."  *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III.    DISCUSSION

### A.  Breach of Contract (Count One) & Quantum Meruit (Count Four)

Plaintiff's claims for breach of contract and quantum meruit are based on the same factual allegations as his FLSA claim.  "The Third Circuit has indicated that a plaintiff should not be permitted 'to use state non-labor laws to enforce the substantive provisions of the FLSA.'" *Szczachor v. All Granite & Marble Corp.*, No. 13-395, 2014 WL 7365780, at *2 (D.N.J. Dec. 19, 2014) (quoting *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 263 (3d Cir. 2012)).  State law claims based on the same factual allegations as FLSA claims may be dismissed as duplicative.  *See Szczachor*, 2014 WL 7365780, at *2 (dismissing breach of contract and quantum meruit claims as duplicative of FLSA claim when such claims were based on the same factual allegations as FLSA claims).  Moreover, other courts within this District have held that state law claims based on the same facts as FLSA claims are preempted by the FLSA claims.  *See, e.g.*, *Shakib v. Back Bay Rest.*

*Grp.*, Inc., No. 10-4564, 2011 WL 4594654, at *5 (D.N.J. Sept. 30, 2011); *Kelly v. Borough of Union Beach*, No. 10-4124, 2011 WL 551170, at *3 (D.N.J. Feb. 8, 2011). Therefore, because Counts One and Four are based on the same factual allegations as Count Three, Counts One and Four are dismissed.

### B.  Unpaid Wages and Overtime Claims pursuant to the NJWHL, N.J.S.A. 34:11-56a *et seq.*, (Count Two) and FLSA, 29 U.S.C. 201 *et seq.* (Count Three)

Defendants assert that Plaintiff's FLSA and NJWHL claims must be dismissed because Plaintiff was an exempt employee not entitled to overtime wages. (Def. Br. at 6.) Plaintiff contests that he was not an exempt employee. (Pl. Opp. at 2.) In resolving the Defendants' motion to dismiss, this disputed fact must be viewed in Plaintiff's favor. *Brown v. Apothaker & Assocs., P.C.*, No. 17-03994, 2018 WL 1605148, at *3 (D.N.J. Apr. 3, 2018); s*ee Jackson v. Sweet Home Healthcare*, No. 16-2353, 2017 WL 1333001, at *2 (E.D. Pa. Apr. 5, 2017) ("Courts have uniformly held that unless it is apparent from the face of the complaint that an exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate."). Exemptions from the overtime requirements are to be narrowly construed against the employer, and the employer has the burden of establishing an exemption applies. *Brown,* 2018 WL 1605148, at *3 (citing *Guthrie v. Lady Jane Collieries, Inc.*, 722 F. 2d 1141, 1143 (3d Cir. 1983)). Therefore, Plaintiff's assertions that he did not perform duties consistent with an exempt employee, when taken as true, are enough to state a claim that his position with Defendants was subject to the FLSA and NJWHL overtime requirements. Plaintiff's FLSA and NJWHL claims survive Defendants' motion to dismiss.

### C.  Declaratory Judgment, 28 U.S.C. § 2201- 2202 (Count Five)

Plaintiff "demand[s] a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.*, NYLL-12 NYCRR § 142, Article 6 of the NYLL § 190 *et seq.*, and the F.C.A. and any amendments thereto, including the Fraud Enforcement Recovery Act of 2009, amended and recodified as 31 U.S.C. 3729 *et seq.*"

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act[.]" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citation omitted). "Courts may exercise that discretion and dismiss declaratory judgment claims where 'claims under the Declaratory Judgment Act . . . are duplicative or redundant of other claims.'" *Gov't Emps. Ins. Co. v. Elkholy*, No. 21-16255, 2022 WL 2373917, at *12 (D.N.J. June 30, 2022) (quoting *Morinville v. United States Pat. & Trademark Off.*, 442 F. Supp. 3d 286, 296 (D.D.C. 2020)). First, Plaintiff's declaratory judgment claim seeking a declaration that Defendants' conduct is unlawful under the FLSA is duplicative of Count Three. Second, Plaintiff makes no allegations in his Complaint that New York law applies to the present action and instead states that New Jersey law applies. Therefore, Count Five is dismissed in its entirety.

### D.  Theories of Liability for Individual Defendants

#### a.  Piercing the Corporate Veil

Plaintiff fails to allege facts sufficient to show he has a plausible claim to relief against the Individual Defendants by piercing the corporate veil. Plaintiff alleges, upon information and belief, that all Individual Defendants failed to comply with required corporate formalities, including recordkeeping and corporate governance (*id.* ¶ 71), used Kari-Out's assets as their own (*id.* ¶ 73), and used Kari-Out to violate the law (*id.* ¶ 74). He asserts that Kari-Out is the Individual Defendants' alter-ego and has no separate legal existence from the Individual Defendants. (*Id.* ¶

77.) These conclusions are devoid of any facts that show Plaintiff has a plausible claim for relief. *See Holzli v. DeLuca Enterprises*, No. 11-06148, 2012 WL 983693, at *2 (D.N.J. Mar. 21, 2012) ("[A]side from Plaintiffs' conclusory statements summarizing the legal elements of their veil piercing claim, no specific factual allegations in the Complaint support a claim of either alter ego liability or pierce the corporate veil and impose liability upon the individual Defendants."). While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007); *Fowler*, 578 F.3d at 210-11; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's attempt to impose liability upon the Individual Defendants by piercing the corporate veil fails.

### E.  Joint Employer Theory

Plaintiff appears to invoke the joint employer theory to impose personal liability upon the Individual Defendants for his wage and hour claims. Under the FLSA, the definition of "employer" is broad. When determining whether someone is an employee under the FLSA, "economic reality rather than technical concepts is to be the test of employment."  *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014) (quoting *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012)).  In addition, multiple persons or entities may be liable under the FLSA as joint employers. *Thompson*, 748 F.3d at 148.  A joint employer relationship may exist when "both employers 'exert significant control' over the employee 'by reason of the fact that one employer controls, is controlled by, or is under common control with

8

the other employer.'" *Id.* (quoting 29 C.F.R. § 791.2(b)(3)). When assessing whether a joint employer relationship exists, courts apply the *Enterprise* test and consider the following, non-exhaustive list of factors:

> (1) the alleged employer's authority to hire and fire the relevant employees; (2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.

*Thompson*, 748 F.3d at 149 (quoting *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d at 469).

Moreover, a company's owners, officers, or supervisory personnel may also constitute "joint employers" for purposes of FLSA liability. *Thompson*, 748 F.3d at 153. Ultimately, an individual is subject to FLSA liability when he or she "exercises supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation while acting in the employer's interest." *Id.* (quoting *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012) (internal citations and quotation marks omitted)). Plaintiff states that the Individual Defendants directly managed, handled, or were otherwise ultimately responsible for payroll. (Compl. ¶ 68.) Plaintiff asserts the Individual Defendants had control over employment conditions, including scheduling, rates and methods of payment, maintenance of employment records, and employee termination. (*Id.* ¶ 69.) While Plaintiff's allegations regarding the Individual Defendants' joint employer status are not robust, they are enough to state a claim. Therefore, Plaintiff's joint employer theory may move forward.

### F.   Insufficient Service of Defendant Asuncion

Defendant Asuncion argues that the case against him must be dismissed pursuant to Federal Rule 12(b)(5) because he was not served in accordance with the Federal Rules of Civil Procedure ("Rules").  Rule 12(b)(5) permits courts to dismiss a case for insufficient service of process.  Rule 4 governs the requirements for proper service. *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018).  "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). "[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).  Plaintiff concedes that service of Defendant Asuncion was improper. (Pl. Opp. at 8.) Therefore, Defendant Asuncion is dismissed from this case.

### IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART.**  An appropriate order follows.

/s/  Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:       Clerk
cc:         James B. Clark, U.S.M.J.
            Parties

10